UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| CYNTHIA L. MERLINI,<br><br>　　　　Plaintiff-Appellant,<br><br>vs.<br><br>CANADA,<br><br>　　　　Defendant-Appellee | No. 17-2211 |

**MOTION TO SUPPLEMENT THE RECORD/FOR JUDICIAL NOTICE REGARDING THE EMPLOYMENT CONTRACT BETWEEN THE PARTIES AND OFFICIAL CANADIAN GOVERNMENT DOCUMENTS INCORPORATED THEREIN**

Appellee Canada respectfully moves the Court to exercise its discretion to consider five documents, contained in the proposed supplemental appendix ("SA") attached to this Motion,[1] in the context of Canada's Petition for Rehearing (filed today) and any further proceedings in this case. The five documents are: (1) Appellant Merlini's 2003 executed contract of employment with Appellee Canada; (2-3) her (signed) 2003 and (unsigned) 2008 job descriptions pursuant to that contract of employment; and (4-5) two documents jointly incorporated by

---

[1] For ease of reference if the Court adds the SA, its page numbers begin at SA 61 (consecutive to the 60-page Joint Appendix already before the Court).

1

reference in the contract (as the "Locally-Engaged Employee Handbook," SA 62): Canada's Locally-Engaged Staffs' Terms and Conditions Regulations and Boston LES Handbook. The significance of those documents for Canada's claim of immunity under the Foreign Sovereign Immunities Act ("FSIA") is explained in Canada's Petition for Rehearing (at pages 16-18).[2] While the SA is 83 pages long, only the 10 pages specifically referenced in the Petition for Rehearing are significant to Canada's arguments; the remainder is provided to ensure that the Court has available to it complete documents and appropriate context.

Counsel for Canada consulted with counsel for Merlini before filing this Motion. *Cf.* Fed. R. App. P. 30(b)(1). Counsel for Merlini reserved all rights with respect to this Motion, but counsel for both parties agreed that in the interests of privacy, and since they are not material to Canada's arguments, Merlini's address and salary should be redacted. *See* SA 61.

1. **This Court Has Discretion to Consider The Documents Under this Court's Rule 10(e)(2)(c), Its Inherent Equitable Powers, and/or Rule 201(b)(2) of the Federal Rules of Evidence**

Canada acknowledges that the record should generally develop in the district court, and that considering additional material at this stage is unusual. However,

---

[2] Canada respectfully refers the Court to that explanation rather than circumventing word limits on that Petition by enlarging on that explanation in this Motion. As the Petition reflects, the attached documents are relevant to its arguments in Section B.3; the arguments in the rest of the Petition do not depend on them.

Canada respectfully submits that this Court has discretion on one or more complementary and alternative bases to consider the attached documents.

First, under this Court's Rule 10(e)(2)(c), this Court may supplement the record with "material" documents that were "omitted from . . . the record by error or accident." The Petition for Rehearing explains why the attached documents are material, and Canada respectfully submits that the failure to include contractual documents stating the terms and conditions of Merlini's employment in the record of her case against her employer founded on that employment relationship may properly be deemed an "error or accident." *See, e.g., United States v. Aulet*, 618 F.2d 182, 186-87 (2d Cir. 1980) (reviewing non-public documents under Rule 10(e)(2)(c) notwithstanding that they were available to both parties but not submitted at trial).[3]

Second, this Court has broader inherent equitable authority to supplement the record in the interests of justice. *See, e.g., Dickerson v. Alabama,* 667 F.2d 1364, 1367-68 (11th Cir. 1982). Here, as in *Dickerson,* supplementing the record

---

[3] The omission in the district court occurred before Canada's present counsel was involved. Rule 10(e)(2)(c) is more commonly applied in cases where a party made a technical error in failing to include in the record a document that was expressly referenced during district court proceedings. *See, e.g., Ross v. Kemp,* 785 F.2d 1467, 1471-74 & 1474 n.12 (11th Cir. 1986). However, Merlini's Complaint impliedly referenced the terms of the employment relationship on which it was predicated, *see* JA 5, and counsel is aware of nothing in this Court's precedents that precludes this Court's exercise of discretion under Rule 10(e)(2)(c) in these circumstances.

on appeal would facilitate "the proper resolution of the substantive issues in this case," "a decision to remand this case for the sole purpose of allowing the district court to review" materials presented for the first time on appeal "would be contrary to both the interests of justice and the efficient use of judicial resources," and Merlini was not "without notice" of the documents at issue. *Id.*

Third, Federal Rule of Evidence 201(b)(2) authorizes federal courts to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and Rule 201(d) provides that they may do so "at any stage of the proceeding." That authority extends to this Court on appeal, notwithstanding that the facts at issue could have been presented to the district court. *See, e.g., United States v. Esquivel,* 88 F.3d 722, 727 (9th Cir. 1996) ("Although the Government could and should have presented the refined census material in the district court, in the interest of judicial efficiency . . . we take notice on appeal of the Government's census data . . .").

Documents 1 and 2 (SA 61-65) — Merlini's 2003 employment contract and job description — bear her signature. *See* SA 62, 65. (Canada relies on 2003 job description, and includes Document 3 (SA 66-68) — her substantially similar, unsigned 2008 job description (in effect when the slip-and-fall accident leading to her claim occurred) — for completeness only.) Documents 4 and 5 (SA 69-143)

4

are the Canadian Government's official locally-engaged staff regulations and local handbook in effect throughout her employment (and still today), and were incorporated in her signed employment contract by reference, *see* SA 62. Further, Documents 2-5 are copies of exhibits included in the record of a prior proceeding between the parties. *Cynthia Merlini v. Canadian Consulate Gen., Boston,* Mass. Comm'n Against Discrimination No. 11BEM00347, Position Statement of Respondent, Canadian Consulate General Boston, in Response to Complainant's Amended Charge of Discrimination, Exs. 2-4 (filed Feb. 28, 2013). *Cf. Astrazeneca Pharms. LP v. Teva Pharms. USA, Inc.,* 583 F.3d 766, 774 (Fed. Cir. 2009) (taking judicial notice of "a document filed in a separate proceeding").

Canada submits that the authenticity of these documents and the agreement between the parties they represent with respect to Merlini's employment, job duties and workers compensation rights "cannot reasonably be questioned." Further, this Court properly takes judicial notice of "documents incorporated by reference in the Complaint," *Wilson v. HSBC Mortg. Servs., Inc.*, 744 F.3d 1, 7 (1st Cir. 2014) (citations and internal punctuation omitted), and by relying on her employment by Canada as an express and essential premise of her claim (*see* JA 5), Merlini's Complaint may be taken to impliedly incorporate her employment terms.

**2. The Court Should Exercise that Discretion in the Interests of Judicial Efficiency and to Ensure a Prompt, Fully-Informed Resolution of FSIA Issues**

If this were an appeal from a final judgment, issues would arise as to whether Canada waived its right to rely on the attached documents by omitting to submit them to the district court. If this were an appeal from a dismissal for failure to state a cause of action, issues would arise as to whether they go impermissibly beyond the face of the complaint.

However, this is an appeal from an order dismissing Merlini's claim for lack of subject-matter jurisdiction, under Fed. R. Civ. P. 12(b)(1), based on Canada's immunity from suit under FSIA, 28 U.S.C. § 1605. Courts properly look to evidence beyond the face of the complaint in FSIA cases, *see, e.g., Robinson v. Gov't of Malaysia,* 269 F.3d 133, 140-42 (2d Cir. 2001), and both the district court and this Court have a continuing duty to assess whether subject-matter jurisdiction exists, and to dismiss the case if it does not, *see* Fed. R. Civ. P. 12(h)(3). Accordingly, if this Court denies rehearing and the panel's order remanding the case to the district court for further proceedings stands, Canada will be entitled to renew its FSIA arguments in the district court and support them with additional material evidence, in the form of the attached documents, that were not considered by the panel.

Canada respectfully submits that judicial efficiency would be well served by this Court considering the attached documents now. *See, e.g.*, *Esquivel,* 88 F.3d at 727. Canada's Petition for Rehearing affords this Court an opportunity to consider both the legal and (in conjunction with this Motion) the factual issues relating to Canada's claim of sovereign immunity in a prompt, fully-informed, and integrated manner. Resolving important and difficult legal issues on an incomplete and potentially misleading factual record and remanding to the district court for it to address factual issues that could well return to this Court on a second FSIA-based motion to dismiss would be inefficient, and bad records can create bad law.

Further, it is particularly important that this Court take the opportunity to reach a final and reliable resolution promptly in the FSIA context, given Canada's interest, as a sovereign State, in not being burdened with defending litigation on claims to which sovereign immunity applies. *See Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1317 (2017) ("[C]onsistent with foreign sovereign immunity's basic objective, namely, to free a foreign sovereign from *suit*, the court should normally resolve those factual disputes and reach a decision about immunity as near to the outset of the case as is reasonably possible.").

## **CONCLUSION**

For the foregoing reasons, Canada respectfully moves that this Court supplement the record and/or take judicial notice to consider the attached documents in the context of Canada's Petition for Rehearing and any further proceedings in this case.

Dated: July 24, 2019

Respectfully submitted,

*/s/ Simon A. Steel*
Simon A. Steel
(No. 1189353)
*Counsel of Record*
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
(202) 496-7077
simon.steel@dentons.com

# **CERTIFICATE OF COMPLIANCE**

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,604 words.

2. This document complies with the typeface requirements and type-style requirements of Fed. R. App. P. 27(d)(1)(E), Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman type.

*/s/ Simon A. Steel*
Simon A. Steel
*Counsel of Record for*
*Appellee Canada*

July 24, 2019

# CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

>Theodore J. Folkman, Esq., counsel of record for the Appellant Cynthia L. Merlini.
>
>Sharon Swingle, Esq. and Michael Shih, Esq., counsel of record for *amicus curiae* U.S. Department of State.

>*/s/ Simon A. Steel*
>Simon A. Steel
>*Counsel of Record for Appellee Canada*
>
>July 24, 2019